1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

LEONARD K. HOLWELL,

Case No. 08cv1060-BTM (WMc)

12

Plaintiff,

**ORDER RE MOTION FOR LEAVE TO AMEND**

v.

13

JP MORGAN CHASE BANK, N.A., et al.,

14

Defendants.

15

Plaintiff moves for leave to file a second amended complaint to add the Federal

16

Deposit Insurance Corporation ("FDIC") in its corporate capacity as a Defendant in this case.

17

For the reasons that follow, this motion is **GRANTED**.

18

## I. BACKGROUND

19

On June 16, 2008, Plaintiff filed a complaint against Washington Mutual Bank

20

("Washington Mutual") alleging conversion of depositor's funds and aiding and abetting

21

wire fraud.  On or about September 25, 2008, the Office of Thrift Supervision appointed

22

the FDIC as the receiver of Washington Mutual.  Approximately three weeks later, on

23

October 14, 2008, Plaintiff filed an amended complaint naming JP Morgan Chase Bank,

24

N.A., as the successor to Washington Mutual, as the sole Defendant.  On March 2, 2009,

25

Judge Houston[1] granted the parties' joint motion to substitute FDIC in place of

26

Washington Mutual "as the party . . . in this action."  [Dock. # 16]  Plaintiff now moves for

27

28

---

[1] On March 25, 2011, Judge Houston issued an order of recusal, and the case was reassigned to this Court.  [Dock. # 51]

1  leave to amend his complaint to add the FDIC in its corporate capacity as a Defendant.

## II.  DISCUSSION

Under Fed. R. Civ. P. 20(a)(2), persons may be joined as a defendant in an action if:  "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  This rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits."  *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

Plaintiff asserts that "a portion of Plaintiff's claim . . . is for the recovery of insured bank deposits" maintained by Washington Mutual before it failed and that he is entitled to recovery under 12 U.S.C. § 1821(f).  (Mem. at 2-3)  Although Plaintiff's proposed second amended complaint does not set forth a claim under this theory, the Court finds that a claim against FDIC in its corporate capacity for recovery of insured bank deposits would satisfy the requirements of Fed. R. Civ. P. 20(a)(2).  The Court **GRANTS** Plaintiff's motion for leave to amend with the understanding that the Second Amended Complaint will set forth a basis for recovery against FDIC in its corporate capacity.  However, if the second amended complaint that Plaintiff files does not address this deficiency, Defendants may seek dismissal.

Defendants raise several arguments as to why even if the requirements of Rule 20(a)(2) are met, leave to amend would still be improper.  None are persuasive at this time.

Most prominently, Defendants assert that leave to amend would be futile because the statute of limitations on any claim regarding payment of insured deposits under 12 U.S.C. § 1821(f) has expired.  Under the statute of limitations set forth in § 1821(f)(5), "Any request for review of a final determination by the Corporation [FDIC] regarding any claim for insurance coverage shall be filed with the appropriate United States district court

1   not later than 60 days after the date on which such determination is issued."  On July 27,

2   2009, the FDIC sent Plaintiff a Notice of Disallowance of Claim, *see* FDIC's Status Report

3   of November 23, 2009, and it appears that Plaintiff has not sought review of this agency

4   determination.

5         Nevertheless, such facts do not direct a conclusion that Plaintiff's claims under §

6   1821(f) are time-barred.  Although the record does not appear to contain a copy of

7   Plaintiff's claim or the FDIC's Notice of Disallowance of Claim, it is likely that any

8   administrative determination was limited to a claim against FDIC as a receiver pursuant to

9   12 U.S.C. § 1821(d).  On March 13, 2009 – approximately two months before Plaintiff

10  filed an administrative claim – , Plaintiff received a letter from the FDIC discussing the

11  procedure for bringing claims under 12 U.S.C. § 1821(d)(5)(C).  This letter concludes:

12        If a portion of your claim is for an insured deposit, your claim is not against the
          Receiver but rather is against the FDIC in its 'corporate' capacity as deposit
13        insurer.  An insured depositor's rights are prescribed in 12 U.S.C. Section 1821(f)
14        and differ from the rights described in the preceding paragraphs.

15

16  (Pl. Ex. B)  Thus, the record does not indicate that the Plaintiff has made a claim for an

17  insured deposit and if so, that the FDIC has made a final determination on this claim,

18  which would trigger the statute of limitations under  § 1821(f).[2]  Moreover, to the extent

19  that the FDIC argues that claims filed pre-receivership cannot be brought under this

20  section (*see* FDIC Resp. at 6), the Court finds this position to be unsupported by case law

21  and not persuasive.  For these reasons, the Court finds that the statute of limitations in

22  section 1821(f) does not render leave to amend futile.

23        Defendants remaining arguments as to why leave to amend should be denied are

24  similarly not persuasive.  Defendant FDIC asserts that the parties' stipulation that FDIC is

25  _____

26        [2] Defendants may move for summary judgment with additional facts showing that §
    1821(f)(5) bars claims against the FDIC in its corporate capacity.  The Court holds only that
27  leave to amend would not be futile and does not address the sufficiency of Plaintiff's claims.
    The Court also notes that neither party addressed the venue provision of § 1821(f)(4), which
28  provides that review of a final agency determination shall be in the "Federal judicial district
    where the principal place of business of the depository institution is located."

1   the receiver of Washington Mutual and that "FDIC is now the real party in interest" [dock.

2   # 15] precludes Plaintiff from seeking amendment to add FDIC as a Defendant in its

3   corporate capacity.  (FDIC Resp. at 4-5)  However, this stipulation contains no language

4   limiting Plaintiff's right to add parties at a later date, and Defendant asserts no authority

5   for the proposition that a plaintiff cannot bring suit against the FDIC both in its capacity as

6   a receiver and as a corporation.  Leave to amend will not be denied on this basis.

7        Finally, FDIC complains of Plaintiff's "inordinate" one year and 11 month delay in

8   moving for leave to amend and asserts that granting leave to amend would prejudice it

9   because "the substitution of the FDIC in its corporate capacity will radically shift the

10  nature of the complaint and require the FDIC to undertake an entirely new course of

11  defense." (FDIC Opp. at 6)  Neither position has merit.  Plaintiff's suit was filed

12  approximately three months before FDIC was appointed as receiver, and this case was

13  stayed pursuant to 12 U.S.C. § 1821(d) from May 18, 2009 until December 8, 2009.

14  Thus, the amount of time Plaintiff could have sought leave to amend the complaint is

15  substantially less than one year and eleven months.  Moreover, FDIC cannot credibly

16  claim that it surprised by Plaintiff's position.  As noted above, the FDIC's letter to Plaintiff

17  contemplated the possibility that Plaintiff had a claim against the FDIC in its corporate

18  capacity, and in an April 2, 2009 filing, Plaintiff stated his intent to amend the complaint to

19  seek recovery against the FDIC in its corporate capacity if his administrative claim was

20  denied.  [Dock. # 20 at 4]  FDIC has not shown that Plaintiff has acted in bad faith or that

21  its purported prejudice is a sufficient ground to deny Plaintiff's motion.

22                          **III.  <u>CONCLUSION</u>**

23        Plaintiff's motion for leave to amend the complaint is **GRANTED**.  Plaintiff shall file

24  a Second Amended Complaint within <u>20 days</u> of entry of this order.

25        The sole issue raised by Plaintiff's motion is whether the FDIC in its corporate

26  capacity could be joined as a defendant in this case.  Defendants' arguments regarding

27  the sufficiency of claims brought against FDIC as the receiver may be raised in a motion

28  to dismiss the Second Amended Complaint.

1       The parties shall appear on <u>April 29, 2011</u> at 2:30 p.m. for a conference to discuss

2  JP Morgan Chase's status in this case in light of Judge Houston's order to substitute

3  FDIC in place of Washington Mutual "as the party . . . in this action."

4  **IT IS SO ORDERED.**

5

6  DATED:  March 30, 2011

7

8                             Honorable Barry Ted Moskowitz
                              United States District Judge

08cv1060-BTM (WMc)