# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD K. HOWELL,<br><br>                          Plaintiff,<br>  v.<br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>                        Defendants. | Case No. 08cv1060-BTM (WMc)<br><br>**ORDER RE MOTION TO CONTINUE** |

Plaintiff moves to continue his pre-receivership lawsuit. For the reasons set forth below, this motion is **DENIED** as moot.

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") provides that within sixty days of the FDIC's disallowance of a claim, "the claimant may . . . file suit on such claim (or continue an action commenced before the appointment of the receiver)." 12 U.S.C. § 1821(d)(6)(A). Failure to timely file suit or continue a pre-receivership lawsuit can result in dismissal of claims against the FDIC as a receiver for lack of subject matter jurisdiction. *See Intercontinental Travel Mktg. v. FDIC*, 45 F.3d 1278, 1282 (9th Cir. 1994); § 1821(d)(6)(B).

On July 27, 2009, the FDIC sent Plaintiff a notice of disallowance of claim as untimely filed. *See* Dock. # 31. Plaintiff asked the FDIC to reconsider this determination. By letter dated February 17, 2011, the FDIC again disallowed Plaintiff's claim as untimely filed. Mem. Ex. 2. Plaintiff filed the instant motion to continue within sixty days of the FDIC's second notice of disallowance.

Neither party addresses whether the FDIC's reconsideration of a prior disallowance restarts the time period where a claimant may continue a claim. However, the Court need not address this issue here.

A request to continue is largely a ministerial act. *See Lewis v. Fed. Deposit Ins. Co.*, No. 08-11508-NMG, 2010 U.S. Dist. LEXIS 36206, at *12-13 (D. Mass. Apr. 13, 2010). Although it appears that the Ninth Circuit has not specified what steps are necessary to continue an action, "many courts have interpreted the phrase to imply that some kind of 'affirmative action' is necessary to continue an action commenced before the appointment of a receiver." *Id.* at *8 (citing cases). Such affirmative acts can constitute notice filed with the court or an email to opposing counsel stating the claimant's desire to "continue" the case. *See id.* at *12-13.

In light of this authority, the Court concludes that Plaintiff does not need court approval to express his intent to continue the pre-receivership lawsuit. Because the Court's approval is unnecessary, Plaintiff's motion is **DENIED** as moot. If Defendants believe that Plaintiff's notice to continue is deficient under § 1821(d)(6)(B), they may move to dismiss on this ground.

Defendant JP Morgan Chase ("Chase"), in opposition to this motion, invites the Court to dismiss the lawsuit generally and dismiss claims against Chase specifically. The Court declines to do so at this time.

Chase argues that pursuant to 12 U.S.C. § 1821(d)(6)(A)(ii) venue is only proper where "the depository institution's principal place of business is located or the United States District Court for the District of Columbia." While the Ninth Circuit does not appear to have addressed this issue, "case law overwhelmingly suggests . . . that a plaintiff can 'continue an action commenced before the appointment of the receiver,' whether or not the case was originally filed in [the United States District Court for the District of Columbia] or in the district within which the depository institution's principal place of business is located." *Poku v. FDIC*, 752 F. Supp. 2d 23, 29 (D.D.C. 2010) (citing cases). Here, Chase does not argue that venue was lacking over the pre-receivership lawsuit in this case. Accordingly, § 1821(d)(6)(A)(ii)

does not divest the Court of venue.

Chase also points to § 1821(f) for the proposition that the Court lacks venue and subject matter jurisdiction. Section 1821(f) pertains to suits against the FDIC in its corporate capacity. As the Court noted in the order granting Plaintiff leave to amend to name as a defendant the FDIC in its corporate capacity, the record is unclear as to whether Plaintiff sought agency review of a claim for an insured deposit. *See* Dock. #52. The second amended complaint does not offer any more clarity, as it does not contain allegations that Plaintiff sought an administrative remedy to recover insured deposit funds. Nevertheless, the Court does not reach this issue. Objections to venue can be waived. *See* Fed. R. Civ. P. 12(h)(1). The FDIC did not join Chase in its opposition and instead has filed an answer to the second amended complaint. [Dock. #63] Chase offers no authority for the proposition that it can object to venue on the FDIC's behalf.

Chase's arguments that claims against it should be dismissed are not properly before the Court in opposition to the motion to continue. Such arguments may be raised in a properly noticed motion for summary judgment.

The motion to continue the pre-receivership lawsuit is **DENIED** as moot. This case is referred to the magistrate judge to hold a case management conference.

**IT IS SO ORDERED.**

DATED: September 14, 2011

Honorable Barry Ted Moskowitz
United States District Judge